**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH PADGETT; DARLA PADGETT, | No. 10-15494 |
| Plaintiffs - Appellees, | D.C. No. 5:04-cv-03946-JW |
| v. | |
| A. CURTIS WRIGHT, | MEMORANDUM[*] |
| Defendant - Appellant, | |
| and | |
| BRIAN LOVENTHAL; LISA M. RICE, | |
| Defendants. | |

| | |
|---|---|
| JOSEPH PADGETT; DARLA PADGETT, | No. 10-15514 |
| Plaintiffs - Appellants, | D.C. No. 5:04-cv-03946-JW |
| v. | |
| BRIAN LOVENTHAL; A. CURTIS WRIGHT; LISA M. RICE, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted December 5, 2012
San Francisco, California

Before: KOZINSKI, Chief Judge, HAWKINS and MURGUIA, Circuit Judges.

The parties appeal numerous pre- and post-trial orders of the district court. Because the parties are familiar with the facts of this case, we do not repeat them. This Memorandum addresses issues raised in the appeal, Docket No. 10-15494, and cross-appeal, Docket No. 10-15514. A separately filed opinion, Docket No. 10-16533, addresses attorney's fees and costs.

1.     **Motion to Strike**

The motion to strike SER Pages 5702, 5703, and 5704 is granted because the Padgetts have not demonstrated that the audio recordings were before the district court. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) (considering only evidence before the district court at time it made the decision being reviewed). The motion to strike the trial testimony is denied because the testimony could be properly considered in reviewing the district court's ruling on the post-trial motions.

**2.     Motion for Summary Judgment by City Council Defendants**

The Padgetts cite trial testimony in support of their argument on summary judgment.  Because the district court granted summary judgment well before trial, it could not have considered this testimony.  We do not consider such evidence when reviewing the grant of summary judgment, *see id.* at 1077, and we affirm.

**3.     Defendant Wright's Rule 50(b) Motion**

We review de novo whether there was substantial evidence to support the verdict against Wright on Joseph Padgett's First Amendment claim.  *See EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009).

There was sufficient evidence presented that Wright was a state actor, because he was acting in his capacity as Mayor and seeking to further an interest of the City of Monte Sereno, rather than acting in a purely personal capacity.  *See Huffman v. Cnty. of L.A.*, 147 F.3d 1054, 1058 (9th Cir. 1998).

There was also sufficient evidence to support the jury's finding that Wright took an adverse action against Padgett with the intent to retaliate against Padgett for exercising his right to criticize the City.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 916–17 (9th Cir. 2012) (en banc) (quoting *Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999)); *Coszalter v. City of Salem*, 320 F.3d 968, 976 (9th Cir. 2003).  This action was sufficient to "chill or

silence a person of ordinary firmness from future First Amendment activities." *Lacey*, 693 F.3d at 916 (quoting *Mendocino Envtl. Ctr.*, 192 F.3d at 1300). Because Wright did not properly preserve a qualified immunity defense in his Rule 50(b) motion, it is not available to him on appeal. *See Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007).

The district court properly entered judgment on Darla Padgett's claim against Wright, because she did not file a Rule 50(b) motion against him.

**4.      Defendant Wright's Motion for a New Trial**

Wright failed to demonstrate the requisite substantial prejudice from the contested evidence that would justify a new trial. *See Harper v. City of L.A.*, 533 F.3d 1010, 1030 (9th Cir. 2008). The jury instructions also accurately reflected the elements of a First Amendment retaliation claim. *See Lacey*, 693 F.3d at 916–17; *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010).

**5.      Defendant Loventhal's Rule 50(b) Motion**

With respect to the Fourteenth Amendment claims against Loventhal, we affirm the grant of judgment in his favor because, although the jury failed to reach a verdict, there was not sufficient evidence to support a verdict in favor of the Padgetts. There was no evidence that Loventhal treated other similarly situated individuals differently with "no rational basis." *Vill. of Willowbrook v. Olech*, 528

U.S. 562, 564–65 (2000). Loventhal investigated complaints about fence height in the same manner, and none of the fences identified by the Padgetts are similarly situated.

Loventhal failed to make a proper Rule 50 motion regarding the First Amendment claims and therefore waived his argument relating to them. Nonetheless, he is entitled to judgment as a matter of law because there was not "*any* evidence to support" a verdict against him and a failure to enter judgment in his favor would result in "a manifest miscarriage of justice." *Go Daddy*, 581 F.3d at 961–62 (quoting *Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 888 (9th Cir. 2002)). No evidence directly linked Loventhal to distribution of the article, and forcing Loventhal to endure a retrial on a claim, on which he is guaranteed to prevail, would be manifestly unjust. We therefore affirm the district court's grant of judgment in his favor.

**6.    Damages**

The district court properly considered the $1.00 damage award as nominal. *See Floyd v. Laws*, 929 F.2d 1390, 1402 (9th Cir. 1991) (holding that nominal damages are mandatory in successful § 1983 cases with no actual damage). The jury's award of $200,000 in punitive damages was constitutionally excessive because of the large disparity between the punitive award and the actual harm. *See*

*Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1121–23 (9th Cir. 2008) (finding a punitive award of $250,000 unconstitutionally excessive when plaintiff won only $2 in nominal damages).  The reduced award of $10,000 was not excessive because the single digit ratio can be exceeded in §1983 suits that have no actual damage.  *Id.* at 1122.

7.    **Defendants' Motion for Fees**

Defendants are not entitled to attorney's fees because the Padgetts' claims are not wholly without merit.  *Galen v. County of L.A.*, 477 F.3d 652, 666 (9th Cir. 2007).

**AFFIRMED**.