FILED

AUG 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERI MANNING, | No. 12-55669 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-08688-SJO-DTB |
| v. | |
| ANDREW BASEY, County of Los Angeles Deputy, individual capacity; ROBIN SOUKUP, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted August 13, 2013[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

Geri Manning appeals pro se from a jury verdict and the district court's

summary judgment in her 42 U.S.C. § 1983 action alleging various violations of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

federal law in connection with two separate arrests and against four defendants, Los Angeles County Sheriff's Deputies Scott Harper ("Harper"), Robert Payne ("Payne"), Robin Soukup ("Soukup"), and Andrew Basey ("Basey"). We have jurisdiction over the district court's orders under 28 U.S.C. § 1291, and affirm.

Even assuming *Heck v. Humphrey*, 512 U.S. 477 (1994), does not bar Manning's Fourth Amendment or equal protection claims against Harper and Payne, the district court properly granted summary judgment on both claims. Summary judgment was proper on Manning's Fourth Amendment claim because an arrest based on a facially valid warrant is insufficient for such a claim.[1] *Baker v. McCollan*, 443 U.S. 137, 143–44 (1979) (generally no constitutional violation for arrest based on facially valid warrant despite protests of innocence). Summary judgment was also proper on Manning's equal protection claim because she failed to raise a genuine issue of material fact as to whether the officers "acted with an intent or purpose to discriminate against [her] based upon membership in a protected class," in this case,

---

[1] The defendants established that there was no genuine factual dispute that they arrested Manning pursuant to a warrant. Though Manning testified that she only heard Deputy Harper say her last name into the radio and did not hear the response, she also testified that she believed Harper was checking for warrants and that Harper arrested her after hearing noise from his radio. *See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

race. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)) (internal quotation marks omitted); *see also Am.-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1062–63 (9th Cir. 1995) (selective enforcement claim requires proof of discriminatory motive and disparate impact).

To the extent Manning challenges it on appeal, summary judgment on Manning's Fourteenth Amendment due process claim against Harper and Payne was proper because it was subsumed by her Fourth Amendment claim. *See Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002).

The district court properly granted summary judgment on Manning's equal protection claim against Bacey and Soukup because Manning failed to raise a genuine dispute of material fact as to whether defendants "acted with an intent or purpose to discriminate against [Manning] based upon membership in a protected class." *Thornton*, 425 F.3d at 1166 (quoting *Lee*, 250 F.3d at 686) (internal quotation marks omitted).

Because Manning cannot survive summary judgment on her section 1983 equal protection claim and the jury found that probable cause existed for her arrest, her 42 U.S.C. § 1985 conspiracy to interfere with civil rights claim fails, *Cassettari v.*

*Nevada Cnty.*, 824 F.2d 735, 739 (9th Cir. 1987), as does her 42 U.S.C. § 1986 failure to prevent conspiracy claim, *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985).

We may not review the jury verdict on the basis of sufficiency of evidence because Manning failed to preserve her challenge by moving for a judgment as a matter of law during or after the trial. *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007) ("[A] post-verdict motion under [Federal Rule of Civil Procedure] 50(b) is an absolute prerequisite to any appeal based on insufficiency of the evidence."); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987) (pro se litigants are held to same procedural rules as litigants with counsel), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012) (en banc). Even if we were to review the sufficiency claim, it is not the case that "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2005).

Manning did not "properly object to [the] jury instructions before the district court," and there is no "'plain error in the instructions that . . . affects substantial rights.'" *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1230 (9th Cir. 2011) (quoting Fed. R. Civ. P. 51(d)(2)); *see also Swinton v. Potomac Corp.*, 270 F.3d 794, 802 (9th Cir. 2001) (prejudice is evaluated by looking to the instructions as a whole). Even if Manning were to have properly objected, the district court did not abuse its discretion

4

in the formulation of the jury instructions, which properly reflected the elements of Manning's Fourth Amendment claim. *Wall Data Inc. v. Los Angeles Cnty. Sheriff's Dep't*, 447 F.3d 769, 784 (9th Cir. 2006). The district court had previously held that Manning's complaint did not allege any policy and practice claims against the county.

Assuming the district court affirmatively excluded Manning's witnesses, and that Manning has not waived this argument on appeal, *Price v. Kramer*, 200 F.3d 1237, 1252 (9th Cir. 2000), we decline to reverse the district court's evidentiary ruling because it does not appear that "the district court abused its discretion and that the error was prejudicial." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008). Because Manning's proposed witnesses were not at the scene of the arrest, their testimony would have been of limited, if any, relevance.

Because it does not appear that Manning ever affirmatively offered either Brian Jones's affidavit or Soukup's declaration into evidence, the district court committed no error.[2] *See Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 689 (9th Cir. 2001). Moreover, any error would be harmless because Manning questioned both witnesses about the relevant documents.

---

[2] Additionally, the district court docket reflects that Manning's "Memoranda Contentions of Fact and Law" was placed on the district court's docket before trial on February 6, 2012. Any assignment of error for its exclusion is misplaced.

Finally, assuming the clerk's communication of the verdict to the judge was in error, it did not prejudice Manning. *See* Fed. R. Civ. Pro. 61 ("Unless justice requires otherwise, no . . . error by the court or a party . . . is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order.")

**AFFIRMED**.