**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NITCO HOLDING CORP.,
           *Plaintiff-Appellant,*

v.

ZAREH BOUJIKIAN; JAMES B.
MURRAY,
           *Defendants-Appellees.*

No. 05-16438

D.C. No.
CV-02-01631-KJD

OPINION

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted April 17, 2007*
San Francisco, California

Filed June 25, 2007

Before: David R. Thompson, Andrew J. Kleinfeld, and
Sidney R. Thomas, Circuit Judges.

Opinion by Judge Thomas

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

7613

## COUNSEL

Samuel B. Benham, Hunterton & Associates, Las Vegas, Nevada, for the appellant.

Frank J. Cremen, Las Vegas, Nevada, for the appellees.

## OPINION

THOMAS, Circuit Judge:

In this appeal, we consider the implications of the Supreme Court's recent decision in *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006). Applying *Unitherm*,

we conclude that a party procedurally defaults a civil appeal based on the alleged insufficiency of the evidence to support the verdict if it fails to file a post-verdict motion for judgment notwithstanding the verdict, under Fed. R. Civ. P. 50(b). We further conclude under *Unitherm* that a procedurally barred sufficiency challenge is not subject to plain error review but is considered forfeited. Because a Rule 50(b) motion was not filed in this case, we affirm the judgment of the district court.

I

Real estate agents Zareh Boujikian and James B. Murray entered into oral contracts with a third party, Dr. Dennis Streeter, for the payment of real estate commissions, to compensate for their assistance with a land transaction. Nitco Holding Corporation ("Nitco"), which had loaned a substantial amount of money to Streeter, sought and obtained a power of attorney that allowed it to act as Streeter's agent in all negotiations related to the relevant land sale. After extended negotiations, the parties finalized the sale, and Boujikian and Murray requested their commissions. Nitco, however, refused to pay the commissions on the ground that it had no proof of their contracts. Streeter also failed to pay the promised commissions. When Boujikian and Murray insisted that Nitco was responsible for paying them, Nitco sought a declaratory judgment that it bore no such responsibility. Boujikian and Murray filed a cross-claim, suing Nitco for tortious interference with their contractual relationship with Streeter. Nitco voluntarily dismissed the declaratory judgment action, but Boujikian and Murray continued to pursue their cross-claim for tortious interference with their contract.

Before the trial court and before the jury, Nitco argued that it could not have interfered with the contract because it was, at all times, acting as Streeter's agent, not as a third party. It also argued that there was no evidence that it had any motive or intent to interfere with the contract, pointing out that motive and intent are necessary elements of the tort.

At the close of cross-claimants' evidence, Nitco orally entered a motion under Fed. R. Civ. P. 50(a), seeking judgment as a matter of law on the ground that it was, as Streeter's agent, legally incapable of interfering with Streeter's contract. The court denied the motion. At the close of all evidence, Nitco renewed the motion on the same ground, and the court again denied the motion.

The jury then returned a verdict for Boujikian and Murray, awarding them compensatory damages in the amount of the commissions. After the verdict was entered, Nitco did not move for judgment notwithstanding the verdict under Fed. R. Civ. P. 50(b). At no time did Nitco file a motion for judgment as a matter of law on the ground that Boujikian and Murray had failed to establish Nitco's motive or intent to interfere in the appellees' contractual relationships.

On appeal, Nitco argues that there was insufficient evidence introduced at trial to support the jury's conclusions that Nitco was acting outside the scope of its agency when it failed to pay the commissions, and it argues that there was *no* evidence introduced at trial to support the conclusion that Nitco had a motive and intent to interfere with the contract between appellees and Streeter. Nitco's arguments on appeal relate only to insufficiency of the evidence.

Because this case arose under the district court's diversity jurisdiction, 28 U.S.C. § 1332, we apply state substantive law, but we apply federal procedural law. *Hawthorne Savings F.S.B. v. Reliance Ins. Co. of Illinois*, 421 F.3d 835, 841 (9th Cir. 2005).

## II

**[1]** In order to preserve a challenge to the sufficiency of the evidence to support the verdict in a civil case, a party must make two motions. First, a party must file a pre-verdict motion pursuant to Fed. R. Civ. P. 50(a). *Yeti by Molly Ltd.*

*v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1109 (9th Cir. 2001); *Patel v. Penman*, 103 F.3d 868, 878 (9th Cir. 1996); *Benigni v. City of Hamlet*, 879 F.2d 473, 476 (9th Cir. 1988); *United States v. 33.5 Acres of Land*, 789 F.2d 1396, 1400 (9th Cir. 1986).

**[2]** Second, a party must file a post-verdict motion for judgment as a matter of law or, alternatively, a motion for a new trial, under Rule 50(b). *Saman v. Robbins*, 173 F.3d 1150, 1154 (9th Cir. 1999). As we noted in *Saman*, "[t]he Supreme Court has held that Rule 50(b) is to be strictly observed, and that failure to comply with it precludes a later challenge to the sufficiency of the evidence on appeal." *Id.* (citing *Johnson v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 48, 50 (1952); *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217-18 (1947); *Desrosiers v. Flight Int'l of Fla., Inc.*, 156 F.3d 952, 956-57 (9th Cir. 1998)).

Although it failed to file a Rule 50(b) post-verdict motion, Nitco contends that we may still review the sufficiency of the evidence to support the verdict under a plain error review. There is support in our circuit precedent for this proposition. *See, e.g., Patel*, 103 F.3d at 878 (reviewing the sufficiency of the evidence to support the verdict absent the filing of a Rule 50(a) motion under a plain error standard).

**[3]** However, *Unitherm* precludes even plain error review when a party fails to file a Rule 50(b) motion. In *Unitherm*, the Supreme Court held that a post-verdict motion under Rule 50(b) is an absolute prerequisite to any appeal based on insufficiency of the evidence. 546 U.S. 394, 126 S.Ct. 980. The Court reasoned that a district court will make a better first-instance decision as to the necessity of a new trial or a judgment notwithstanding the verdict because the district court will have seen and heard all of the relevant evidence. *Id.* at 985-86. A party that has not provided the district court with the opportunity to make that first-instance decision, the Court

held, has provided "no basis for review of [a] sufficiency of the evidence challenge in the Court of Appeals." *Id.* at 989.

**[4]** Even though the parties before the Supreme Court had, at trial, been operating under a Tenth Circuit rule that did not require Rule 50(b) motions, the Court applied the rule retroactively to the parties before it. Because the Court applied the rule retroactively, we are required, under *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749 (1995), to treat the rule as generally retroactive, applying it "to all pending cases, whether or not those cases involve predecision events," *id.* at 752. Thus, even though *Unitherm* was decided after the verdict in this case had been returned, its holding applies to this case.

**[5]** Under *Unitherm*, Nitco has waived its challenge to the sufficiency of the evidence because it did not renew its pre-verdict Rule 50(a) motion by filing a post-verdict Rule 50(b) motion, and we are precluded from exercising our discretion to engage in plain error review. To the extent that our prior decisions permitted a discretionary plain error review, we must overrule those decisions as in conflict with controlling Supreme Court authority. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (holding that three-judge panels should "reject the prior opinion[s] of this court as having been effectively overruled" if those opinions are clearly irreconcilable with "intervening Supreme Court authority").

For these reasons, we affirm the judgment of the district court without reaching the merits of Nitco's argument.

**AFFIRMED.**