Lisa WARRILLOW, Plaintiff—
Appellant,

v.

QUALCOMM, INC., Defendant—
Appellee.

No. 06–55170.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2008 *.

Filed Feb. 28, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Charles Bleiler, Diane E. Bond, Bleiler & Bond APC, San Diego, CA, Audrey Powers Thornton, Encinitas, CA, for Plaintiff–Appellant.

Paul Plevin Sullivan & Connaughton, LLP, San Diego, CA, for Defendant–Appellee.

Before: TROTT, CLIFTON, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Plaintiff Lisa Warrillow appeals the district court's denial of her Rule 50(b) motion for judgment as a matter of law ("JMOL") and her Rule 59 motion for a new trial after a jury verdict in favor of defendant, Qualcomm, in her employment discrimination suit pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 (2000). Specifically, Warrillow challenges the sufficiency of the defendant's evidence presented at trial, the jury instructions, and a number of the district court's evidentiary rulings. We affirm.

■ Warrillow did not satisfy the procedural prerequisites for her JMOL motion. Federal Rule of Civil Procedure 50(a) requires that a party move for a JMOL before submission of the case to the jury. In the absence of a Rule 50(a) motion, a party is precluded from later challenging the sufficiency of the evidence either before the district court through a renewed motion for judgment as a matter of law or on appeal. *Farley Transp. Co., Inc. v. Santa Fe Trail Transp. Co.*, 786 F.2d 1342, 1347 (9th Cir.1986). Here, Warrillow failed to make the required Rule 50(a) motion. Her closing argument to the jury was not such a motion. We construe this requirement strictly. *Id.*; *see also James v. Wal–Mart Stores Inc.*, 279 F.3d 883, 887 (9th Cir.2002) (concluding that a motion for summary judgment and trial briefing do not satisfy the motion requirement). Because she failed to follow the Rule 50 procedures, we decline to consider Warrillow's contention that she is entitled to judgment as a matter of law.

■ Although she failed to bring a 50(a) motion, in the past we have reviewed a sufficiency of the evidence challenge for plain error if the party is seeking a new trial. *See James*, 279 F.3d at 888. This practice may no longer be permissible in light of the recent decision in *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086 (9th Cir.2007), in which this court refused to apply the plain error standard when a party failed to comply with the Rule 50 requirements.[1] *Id.* at 1089. Even if we

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *Nitco Holding* explicitly precludes plain error review when a party fails to raise a post-verdict motion under Rule 50(b) but did not address whether failure to raise a pre-verdict motion also precludes plain error review. Because Warrillow's claim fails either way, we need not decide whether *Nitco Holding* applies here.

may still review the sufficiency of the evidence, Warrillow must establish that the jury plainly erred and that the verdict resulted in a "manifest miscarriage of justice." *Janes,* 279 F.3d at 888. She is unable to do so. At trial, Qualcomm presented evidence that Warrillow was laid off as a result of a reduction in work force and that the decision maker in charge of rehiring was an outside actor making an independent decision. Contrary to Warrillow's contention, at no time did Qualcomm admit that it lacked a non-discriminatory motive for terminating and later failing to rehire Warrillow. After reviewing the record we conclude that the jury verdict was not plainly erroneous and that allowing the verdict to stand does not result in a manifest miscarriage of justice.

Warrillow next contends that she is entitled to a new trial because the district court erroneously instructed the jury to decide "whether age was the 'determining factor' in an employer's decision to discharge an individual." We reject this argument because the instructions given to the jury correctly stated the requirements for an ADEA pretext claim under applicable Ninth Circuit law. *See Cassino v. Reichhold Chems., Inc.,* 817 F.2d 1338, 1344 (9th Cir.1987).

We also reject Warrillow's challenges to the district court's evidentiary rulings. The district court did not abuse its discretion by allowing Qualcomm's statistical expert to testify that there was no statistically significant evidence of widespread discrimination at the company. The evidence assisted the jury to "understand the evidence or determine a fact in issue" and it rebutted the plaintiff's proof of discrimination which was based in large part on an assertion of a pattern and practice of discrimination. FED.R.EVID. 702; *see also Furnco Const. Corp. v. Waters,* 438 U.S. 567, 580, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978). The district court did not abuse its discretion by excluding the testimony of prior Qualcomm employees who also claimed to have experienced age discrimination. The court correctly determined that the allegations would unfairly prejudice the defendant and would distract the jury from the real issues at trial. FED. R.EVID. 403. Finally, we reject the challenges to the remaining evidentiary rulings because Warrillow is unable to establish either an abuse of the district court's discretion or that she was prejudiced by the rulings.

**AFFIRMED.**