MEMORANDUM ***
Kristi Kraus appeals the district court’s judgment in favor of Clark County, Nevada, in Kraus’s action alleging gender discrimination and hostile work environment under Title VII of the Civil Rights Act of 1964 and negligent supervision and intentional infliction of emotional distress under Nevada state law. We lack jurisdiction to review the district court’s final order because Kraus failed to file a post-verdict motion for judgment as a matter of law. Therefore, we dismiss Kraus’s petition. Having reviewed the merits of Kraus’s appeal, however, we note that we would have affirmed the jury verdict.
1. “[A] post-verdict motion under [Federal Rule of Civil Procedure] 50(b) is an absolute prerequisite to any appeal based on insufficiency of the evidence.” Nitco Holding Corp. v. Boujikian, 491 F.3d 1086, 1089 (9th Cir.2007); Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 400-01, 126 S.Ct. 980, 163 L.Ed.2d 974 (2006). The requirement of filing a Rule 50(b) motion is jurisdictional and cannot be waived. Nitco, 491 F.3d at 1089-90. Because Kraus failed to file the prerequisite Rule 50(b) motion, she has forfeited her right to challenge the jury’s verdict based on sufficiency of the evidence. Therefore, we dismiss the appeal for lack of jurisdiction.
2. Having reviewed the merits of Kraus’s appeal, we note that her claim of gender discrimination fails because Clark County was able to “articulate [a] legitimate, nondiscriminatory reason for [Kraus’s dismissal].” McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Kraus failed *498 to return to work after she had exhausted her allotted Family Medical Leave Act time, and was terminated for job abandonment. Kraus offered no corroborating evidence to support her claim that the County’s proffered reason was pretextual, and admitted she was the only employee in the office, male or female, to be subjected to the alleged less favorable standard of treatment.
Moreover, conflicting evidence was introduced on Kraus’s hostile work environment, negligent supervision, and intentional infliction of emotional distress claims. Because there is not “an absolute absence of evidence to support the jury’s verdict,” Image Tech. Servs., Inc. v. Eastman Kodak Co., 125 F.3d 1195, 1212 (9th Cir.1997) (internal quotation marks omitted), we would have affirmed the verdict.
DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.