**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL SAHAKIAN; et al., | No. 08-56227 |
| Plaintiffs - Appellants, | D.C. No. 2:05-cv-07419-FMO |
| v. | |
| CITY OF GLENDALE, a political subdivison of the State of California; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, Magistrate Judge, Presiding[**]

Submitted June 29, 2010[***]

Before:   ALARCÓN, LEAVY, and GRABER, Circuit Judges.

   Michael Sahakian, Nathalie Sahakian, and Karineh Savadian appeal pro se

from a jury verdict in their 42 U.S.C. § 1983 action alleging false arrest, excessive

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The parties consented to the jurisdiction of the magistrate judge.

[***]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

force, and other claims arising from their arrest for obstructing and delaying police officers. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a decision on a motion for a new trial. *Kode v. Carlson*, 596 F.3d 608, 611 (9th Cir. 2010) (per curiam). We affirm.

The district court did not abuse its discretion by denying plaintiffs' motion for a new trial because plaintiffs set forth no basis warranting a reversal of the jury verdict. *See Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1270 (9th Cir. 2000) (setting forth criteria for reversal on the ground of attorney misconduct); *Davis v. Woodford*, 384 F.3d 628, 653 (9th Cir. 2004) (discussing premature deliberation by a juror).

Plaintiffs' remaining arguments were not raised before the district court and are waived. *See* Fed. R. Civ. P. 50(b), 51; *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1088 (9th Cir. 2007) (explaining that "a procedurally barred sufficiency challenge is not subject to plain error review but is considered forfeited"); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1030 (9th Cir. 2003) (finding waiver where appellants never objected to the jury instruction on the grounds raised on appeal); *see also Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) *(*"As a

general rule, we will not consider arguments that are raised for the first time on appeal.").

**AFFIRMED.**