**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD T. NG,

    Plaintiff - Appellant,

  v.

TIMOTHY F. GEITHNER, Secretary of the Treasury[*] and US ATTORNEY'S OFFICE,

    Defendants - Appellees.

No. 08-56878

D.C. No. 2:06-cv-00578-AG-PLA

MEMORANDUM[**]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted February 15, 2011[***]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

    Richard T. Ng, an Internal Revenue Service ("IRS") agent, appeals pro se

---

    [*]    Timothy F. Geithner has been substituted for his predecessor, John W. Snow, as Secretary of the Treasury under Fed. R. App. P. 43(c)(2).

    [**]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

from the district court's judgment following a jury trial and partial summary judgment in his employment action alleging retaliation, hostile work environment, and disability discrimination. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's denial of a motion for a new trial. *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010). We review de novo the district court's grant of summary judgment. *Ray v. Henderson*, 217 F.3d 1234, 1239 (9th Cir. 2000). We affirm.

Ng waived any challenge to the district court's denial of his post-verdict motion for judgment as a matter of law by failing to make the motion at the close of his case. *See* Fed. R. Civ. P. 50(a)-(b); *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1083 (9th Cir. 2009) ("Failing to make a Rule 50(a) motion before the case is submitted to the jury forecloses the possibility of considering a Rule 50(b) motion."); *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089-90 (9th Cir. 2007) (appellant waived challenge under Rule 50 by not properly bringing motion in district court).

The district court did not abuse its discretion in denying Ng's motion for a new trial because the verdict was not against the weight of the evidence. *See Kode*, 596 F.3d at 612 ("[W]here the basis of a Rule 59 ruling is that the verdict is not against the weight of the evidence, the district court's denial of a Rule 59 motion is

virtually unassailable. In such cases, we reverse for a clear abuse of discretion only where there is an *absolute absence of evidence* to support the jury's verdict." (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Ng's other retaliation claims because he failed to raise a genuine issue of material fact as to whether a causal link existed between his protected activity and the IRS's decisions to deny him certain promotions, or as to whether the IRS's legitimate, non-retaliatory reasons for its actions on Employee Recognition Day were pretextual. *See Ray*, 217 F.3d at 1240.

The district court properly granted summary judgment on Ng's disability claims because he failed to raise a genuine issue of material fact as to whether he was disabled or regarded as disabled. *See Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1009 (9th Cir. 2007) (plaintiff failed to raise a genuine issue of material fact that employer regarded her as substantially limited in major life activity of working); *see also Brownfield v. City of Yakima*, 612 F.3d 1140, 1146-47 (9th Cir. 2010) (permissible for employer to require psychological exam for employee who had exhibited highly emotional responses on numerous occasions).

Ng's remaining contentions are unpersuasive.

We do not consider Ng's contentions raised for the first time on appeal or in

his reply brief.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

We grant Ng's requests for judicial notice.  We deny Ng's request for injunctive relief.

**AFFIRMED.**