**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEREMY ALLEN CROZIER, | No. 11-15203 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00755-LRH-VPC |
| v. | |
| ADAM ENDEL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted August 11, 2011[**]

Before:     THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Nevada state prisoner Jeremy Allen Crozier appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference, equal protection, and due process claims. We have jurisdiction under

28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm in part, vacate in part, and remand.

The district court properly dismissed Crozier's equal protection claim because he failed to allege that defendants intentionally discriminated against him based on his membership in a suspect class or that their actions lacked any rational basis. *See Rodriguez v. Cook*, 169 F.3d 1176, 1179-81 (9th Cir. 1999).

The district court properly dismissed Crozier's due process claim because, as Crozier concedes, he only meant to challenge the lack of adequate medical care, a claim more appropriately brought under the Eighth Amendment. *See Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (generalized notion of substantive due process is unavailing where another amendment provides explicit protection against a particular sort of government action), *overruled in part on other grounds as recognized by Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086 (9th Cir. 2007).

The district court properly dismissed Crozier's deliberate indifference claim because he alleged that unidentified defendants negligently failed to diagnose or treat his crushed hyoid bone, jaw pain, headaches, and other ailments. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to

establish a constitutional deprivation under the Eighth Amendment."); *Ortez v. Wash. Cnty., State of Or.,* 88 F.3d 804, 809 (9th Cir. 1996) (§ 1983 liability arises only if defendants are alleged to participate in, direct, or knowingly fail to prevent a constitutional violation). However, it is not "absolutely clear" that Crozier could not cure these defects through amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (pro se litigant must be given leave to amend and some notice of the complaint's deficiencies unless they are incurable); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (denial of treatment for diagnosed thumb fracture about which inmate repeatedly filed medical slips and grievances can amount to deliberate indifference if it leads to further injury or unnecessary pain); *Hoptowit v. Ray*, 682 F.2d 1237, 1253-54 (9th Cir. 1982) (deliberate indifference can be shown if prisoners are unable to make their medical problems known to the medical staff; if the medical staff is not competent to examine prisoners and diagnose illnesses; or if officials cannot treat or refer prisoners to others who can). Accordingly, we vacate dismissal with prejudice of this claim, and instruct that Crozier be provided an opportunity to amend it.

Crozier's remaining contentions are unpersuasive.

Crozier shall bear his own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**