FILED

JAN 02 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GOLDYN COOPER, | No. 11-16057 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01567-JAM-JFM |
| v. | |
| DION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

California state prison Goldyn Cooper appeals pro se from the district

court's judgment, following a jury trial, in his 42 U.S.C. § 1983 action alleging that

defendants used excessive force and were deliberately indifferent to his serious

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

medical needs.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

the district court's decision to dismiss under 28 U.S.C. § 1915A, *Resnick v. Hayes*,

213 F.3d 443, 447 (9th Cir. 2000), and for an abuse of discretion the district court's

decisions regarding trial evidence and closing arguments, *United States v. W.R.

Grace*, 504 F.3d 745, 759 (9th Cir. 2007) (evidentiary rulings); *United States v.

Spillone,* 879 F.2d 514, 518 (9th Cir. 1989) (control of closing arguments).  We

affirm.

The district court properly dismissed Cooper's claims against Olivas and

Rogel because Cooper failed to allege their personal participation in the claimed

deprivations of his Eighth Amendment rights.  *See Taylor v. List*, 880 F.2d 1040,

1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of

his subordinates if the supervisor participated in or directed the violations, or knew

of the violations and failed to act to prevent them.").

The district court did not abuse its discretion in permitting Dion and Rogel

to testify concerning the contents of the videotape because Cooper opened the door

to the testimony by asking Dion whether he had viewed the videotape.  *See

Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1063 n.6 (9th Cir. 2002)

(invited error occurs when the appellant opens the door to objectionable testimony

by introducing it).

11-16057

The district court did not abuse its discretion when it denied Cooper's request for a site visit, permitted Pagala to draw for the jury the area where the incident occurred, or limited Cooper's closing argument. *See W.R. Grace*, 504 F.3d at 759 (trial court has broad discretion in deciding evidentiary rulings); *Spillone,* 879 F.2d at 518 (trial court has broad discretion in controlling closing arguments).

To the extent that Cooper seeks to challenge the sufficiency of the evidence to support the jury verdict, he forfeited the right to do so by failing to file a motion under Fed. R. Civ. P. 50(b). *See Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007) (post-verdict motion under Rule 50(b) is "an absolute prerequisite to any appeal based on insufficiency of the evidence"). Moreover, the credibility of witness testimony is a jury determination not reviewable on appeal. *See Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000).

Cooper's challenge to the district court's decision to not issue subpoenas for inmate witnesses fails because during closing argument, Cooper stated that he had made a strategic decision to not subpoena these witnesses. *See Johnson v. INS*, 971 F.2d 340, 343-44 (9th Cir. 1992) ("When an appellant's tactics backfire he cannot complain of error he induced . . . ." (internal alteration and quotation marks omitted)).

We reject Cooper's contention regarding the district court's alleged bias.

Cooper's motion for judicial notice, filed on October 22, 2012, is denied.

**AFFIRMED.**