FILED

AUG 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIE ROSE, III,

                Plaintiff - Appellant,

     v.

PLASTIKON INDUSTRIES, INC.,

                Defendant - Appellee.

No. 12-15673

D.C. No. 3:10-cv-04355-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted August 13, 2013[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

    Willie Rose, III, appeals from the district court's judgment against him

following a jury trial in his Title VII employment discrimination suit. The jury

found that Rose did not prove that retaliation for making a harassment and

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discrimination complaint was a motivating factor in Plastikon Industries, Inc.'s ("Plastikon") decision to fire him. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because Rose did not timely file a post-verdict motion for judgment as a matter of law or a motion for a new trial under Federal Rule of Civil Procedure 50(b), he forfeited his challenge to the sufficiency of the evidence. *See Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1088 (9th Cir. 2007).

Even were we to construe Rose's motion for reconsideration as a Rule 50(b) motion and excuse its untimeliness, his claim would not succeed on the merits. To make out a prima facie case of retaliation under Title VII, "an employee must show that (1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). Only the third factor is at issue here.

Substantial evidence supports the jury's determination that Rose did not prove a sufficient causal link between his complaint and his termination.[1] *See*

---

[1]We note that the Supreme Court recently held that the proper causation test for Title VII retaliation claims is "but-for causation," rather than motivating-factor causation. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013). Because we uphold the jury's verdict determining that Rose did not prove a sufficient causal link even under the lesser motivating-factor test, *Nassar* does not affect our analysis.

*Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008) ("A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." (citation omitted)).  Plastikon presented evidence supporting its claim that it fired Rose solely because of his threatening and insubordinate behavior towards his supervisor and that it did not consider other factors, including Rose's discrimination and harassment complaint.  Evidence of other Plastikon employee terminations buttressed this claim.  The evidence was adequate to support the jury's conclusion.

**AFFIRMED.**