**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN L. SHERMAN, | No. 12-35980 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00483-PA |
| v. | |
| TRACY WOOD and ROD MCALLISTER, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Submitted May 16, 2014[**]
Portland, Oregon

Before: ALARCÓN, TASHIMA, and IKUTA, Circuit Judges.

Plaintiff-Appellant John Sherman appeals from a judgment entered pursuant

to the jury's verdict in favor of Appellees Tracy Wood and Rod McAllister, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

from the denial of his motion for a new trial, pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. We have jurisdiction, pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in denying Sherman's motion for a new trial, because the jury's verdict was not against the weight of the evidence. The officers' testimony and other evidence at trial supported the jury's conclusion that the officers had probable cause to arrest Sherman for criminal mischief in the third degree. *See* Or. Rev. Stat. § 164.345(1). Because there was "some reasonable basis" for the jury's decision, *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729–30 (9th Cir. 2007), the district court's denial was not an abuse of discretion.

To the extent Sherman contends that the evidence at trial was insufficient to support the jury's verdict, he has not preserved his claim. Sherman did not file a motion for judgment as a matter of law during trial, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, or a renewed motion for a judgment as a matter of law after trial, pursuant to Rule 50(b). Sherman's failure to file these motions means that he has "procedurally default[ed] a civil appeal based on the alleged insufficiency of the evidence to support the verdict" and that his "procedurally

barred sufficiency challenge . . . is considered forfeited."[1] *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1087 (9th Cir. 2007) (applying *Unitherm Food Sys., Inc. v. Swift–Eckrich, Inc.*, 546 U.S. 394 (2006)).

Accordingly, we affirm the judgment of the district court.

**AFFIRMED.**

---

[1] Sherman did not file an optional reply brief in response to the Ninth Circuit authorities cited by Appellees in their answering brief that provide that the failure to challenge the sufficiency of the evidence pursuant to Rule 50(a) and Rule 50(b) precludes this Court from reviewing the sufficiency of the evidence presented at trial.