NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 28 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHY GLENN CLAY, | No. 16-56286 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-06599-MRW |
| v. | |
| PAPIK, Peace Officer, Serial No. 4017, individual and official capacity, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael R. Wilner, Magistrate Judge, Presiding[**]

Submitted November 15, 2017[***]

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Kathy Glenn Clay appeals pro se from the district court's judgment entered

following a jury verdict in favor of defendant Papik in Clay's 42 U.S.C. § 1983

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

excessive force action.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

Clay failed to preserve her challenge to the sufficiency of the evidence because Clay did not move for judgment as a matter of law either before or after the jury's verdict.  *See Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007) ("[T]o preserve a challenge to the sufficiency of the evidence to support the verdict in a civil case, a party must make two motions.  First, a party must file a pre-verdict motion pursuant to Fed. R. Civ. P. 50(a).  Second, a party must file a post-verdict motion for judgment as a matter of law or, alternatively, a motion for a new trial, under Rule 50(b)." (citations omitted)).

**AFFIRMED.**