# FILED

**NOT FOR PUBLICATION**

FEB 16 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIE CONFORTO, | No. 16-55808 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 3:12-cv-01316-JAH-BLM |
| RICHARD V. SPENCER, Secretary, Department of the Navy; DEPARTMENT OF THE NAVY, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted February 12, 2018**
Pasadena, California

Before: BERZON and BYBEE, Circuit Judges, and WOODCOCK,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John A. Woodcock, Jr., United States District Judge for the district of Maine, sitting by designation.

Marie Conforto sued her employer, the Department of the Navy, for discrimination and retaliation under Title VII, 42 U.S.C. § 2000e, and the Age Discrimination in Employment Act, 29 U.S.C. § 621. At trial, a jury returned a verdict for the Navy. Conforto raises only two issues on appeal: (1) whether substantial evidence supports the jury's finding that the denial of her request to attend a training symposium was not an adverse employment action; and (2) whether the district court abused its discretion in excluding the testimony of her chiropractor, Dr. Rahmanian.

With respect to the first issue, Conforto failed to renew her motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b). "[A] post-verdict motion under Rule 50(b) is an absolute prerequisite to any appeal based on insufficiency of the evidence." *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007) (citing *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006)). Conforto has therefore waived any challenge to the sufficiency of the evidence. *See id.* at 1089.[1]

---

[1] Conforto argues there was no judgment below. Although the district court did not enter judgment in a separate document as required by Federal Rule of Civil Procedure 58, judgment was deemed entered 150 days after entry of the jury's verdict on the civil docket. Fed. R. Civ. P. 58(c)(2).

We need not address the merits of Conforto's second issue because she has not identified any way in which the exclusion of Dr. Rahmanian's testimony prejudiced her, and indeed, it is clear the district court's evidentiary ruling did not impact the jury's verdict. *See U.S. Sec. & Exch. Comm'n v. Jensen*, 835 F.3d 1100, 1116 (9th Cir. 2016) ("Evidentiary rulings are reviewed for abuse of discretion, and reversed only if the decision below was both erroneous and prejudicial.").

**AFFIRMED.**