**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANDY MATTHEW CORDERO,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>NICK A. GUZMAN, C/O; et al.,<br><br>    Defendants-Appellees. | No. 17-16608<br><br>D.C. No. 2:13-cv-01551-JAM-KJN<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted June 10, 2019**

Before: WALLACE, FARRIS, and TROTT, Circuit Judges

California state prisoner Randy Matthew Cordero appeals pro se from the

district court's judgment following a jury verdict against Cordero in his 42 U.S.C.

§ 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C.

§ 1291. We affirm.

---

  * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  ** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

In his opening brief, Cordero failed to challenge the district court's summary judgment for defendants Mejia, Smith, Vincent, Bugarin, and Parra, and he has therefore waived any such challenge. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant . . . .").

To the extent that Cordero challenges the sufficiency of the evidence supporting the jury's verdict, Cordero waived such a challenge by failing to move for judgment as a matter of law or a new trial before the district court. *See Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1088-90 (9th Cir. 2007) (holding that to preserve a sufficiency-of-the-evidence challenge, a party must file both a pre-verdict motion under Federal Rule of Civil Procedure 50(a) and a post-verdict motion for judgment as a matter of law or new trial under Rule 50(b)).

We reject as unsupported by the record Cordero's contentions that the district court improperly failed to instruct the jury about the credibility of impeached witnesses or closed the trial to the public.

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett*

*v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**