NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DERRON GERARD FLORES, administrator of the estate of Donald G. Flores,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>MUFG UNION BANK, N.A, FKA Union Bank of California, FKA Union Bank, N.A.,<br><br>Defendant-Appellee. | No.   18-15116<br><br>D.C. No. 1:11-cv-00022<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, District Judge, Presiding

Submitted June 11, 2019**
Honolulu, Hawaii

Before:  THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit Judges.

Donald Flores sued MUFG Union Bank, N.A (the Bank) and another

defendant in the superior court of the Commonwealth of the Northern Mariana

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Islands (CNMI), asserting claims based on the Bank's alleged failure to repay a Time Certificate of Deposit (CD). The action was removed to federal court. During the action, Donald passed away. Derron Flores, as administrator of Donald's estate, appeals the district court's judgment in favor of the Bank, following the grant of partial summary judgment and a jury trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Derron argues the evidence at trial was insufficient to support the jury's finding that the Bank did not breach the parties' contract. Derron forfeited this argument by failing to challenge the sufficiency of the evidence in appropriate pre-verdict and post-verdict motions. *See Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007). In any event, substantial evidence—specifically, the testimony of Victoria Concepción that the Bank repaid the deposit—supports the jury's verdict.

Derron also asserts error in the verdict form. Because Derron did not raise his challenge to the verdict form in the district court, we review the verdict form for plain error. *C.B. v. City of Sonora*, 769 F.3d 1005, 1016 (9th Cir. 2014) (en banc). Derron argues that the verdict form shifted to him the burden of proving the Bank's lack of an excuse for failing to perform its duties under the contract. But

---

[1] We assume the parties' familiarity with the facts, evidence, and procedural history of the case.

2

the jury instructions made clear that the Bank bore the burden of proving its defense that it had returned the deposit. We find no plain error in the verdict form.[2]

Derron also argues that the district court erred in ruling that he is not entitled to "rollover" interest. We disagree. The CD unambiguously provided a date certain for "maturity" (October 12, 1993) and stated that it "earns no interest after maturity." The district court correctly interpreted the CD under its plain terms, consistent with CNMI law. *See Del Rosario v. Camacho*, 6 N. Mar. I. 213, 227 (2001) ("Where the language of a writing is plain and precise, a court can, as a matter of law, establish the intentions of the parties as declared in the writing."). The district court thus properly rejected Derron's claim for "rollover" interest.

Derron also argues that the district court erred in concluding that the issue of prejudgment interest was for the court, not the jury, to decide. But Derron would have been entitled to prejudgment interest only if he prevailed at trial. The jury's finding of no breach precludes any award of prejudgment interest.

Derron also challenges the district court's ruling that Donald's claim under the CNMI Consumer Protection Act abated upon his death. The CNMI Supreme Court's decision in *Indalecio v. Yarofalir*, No. 03-0514, 2006 WL 2242754 (N.

---

[2] To the extent Derron asserts separate instructional error, his argument is unclear and fails to show plain error.

3

Mar. I. July 27, 2006), supports the district court's conclusion that the statutory claim abated upon Donald's death.  And because Donald based both his statutory claim and his breach of contract claim on the same conduct—the Bank's failure to return the deposit—the jury's finding of no breach by the Bank means that any error in the district court's rejection of the statutory claim was harmless.

    **AFFIRMED**.