NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

NORTHLAND, LLC, an Idaho limited
liability company; KAYLA BRIGGS,

Plaintiffs-Appellants,

v.

CONTRACTORS BONDING &
INSURANCE COMPANY,

Defendant-Appellee.

---

No.    22-35476

D.C. No. 4:21-cv-00281-DCN

MEMORANDUM*

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Argued and Submitted June 5, 2023
Seattle, Washington

Before: SCHROEDER, HAWKINS, and CALLAHAN, Circuit Judges.

Northland, LLC and its owner Kayla Briggs (collectively "Northland") appeal

the district court's grant of summary judgment to Northland's insurer, Contractors

Bonding & Insurance Company ("CBIC"). Northland contends that the district court

erred in its determination that a commercial general liability policy ("the Policy")

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

that CBIC issued to Northland did not cover two lawsuits—one regarding Northland's failure to return a customer's deposit (the "*Ball* lawsuit") and another regarding missed payments under equipment financing agreements (the "*Balboa* lawsuit"). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1124 (9th Cir. 2021), and affirm.

Under Idaho law—which governs the substantive issues in this case, *see Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007)—an insurer's duty to defend a particular lawsuit is determined from the four corners of the complaint. *Scout, LLC v. Truck Ins. Exch.*, 434 P.3d 197, 202–03 (Idaho 2019). In relevant part, the Policy provides that CBIC "will pay those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage'" that is caused by an "occurrence." Thus, CBIC had a duty to defend the *Ball* and *Balboa* lawsuits if the allegations of the complaints, "read broadly, reveal a potential for liability" for damages arising from property damage caused by an occurrence. *Hoyle v. Utica Mut. Ins. Co.*, 48 P.3d 1256, 1261 (Idaho 2002). Neither complaint includes such allegations. Instead, both complaints allege breaches of contract and seek liability arising from contractual obligations and debts rather than from property damage. *See Magic Valley Potato Shippers v. Cont'l Ins.*, 739 P.2d 372, 375 (Idaho 1987).

Even assuming that CBIC was required to consider extrinsic facts regarding a fire that occurred at Northland's shop, CBIC did not err in its determination that the *Ball* and *Balboa* lawsuits did not fall under the Policy's coverage. Although the fire may have made it more difficult for Northland to satisfy the financial obligations at issue in the *Ball* and *Balboa* lawsuits, it was not the impetus for the lawsuits or the basis for calculating the damages sought therein. *See id.* Accordingly, the district court correctly determined that CBIC was entitled to summary judgment.

Because we conclude that the *Ball* and *Balboa* lawsuits do not involve property damage caused by an occurrence necessary to trigger coverage under the Policy, we need not consider Northland's remaining arguments regarding the Policy's contract-related exclusion.

**AFFIRMED.**