**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SEMAJ HOWARD,

        Plaintiff-Appellant,

  v.

ROBERT RANUM, Deputy, Sacramento
County Sheriff's Department; et al.,

        Defendants-Appellees,

 and

YIANNI ATHENS, Sergeant, Sacramento
County Sheriff's Department; et al.,

        Defendants.

No. 20-15072

D.C. No. 2:17-cv-01807-JAM-DB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted July 18, 2023[**]

Before:    SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Semaj Howard appeals pro se from the district court's judgment following a jury trial in his 42 U.S.C. § 1983 action alleging constitutional claims arising from his pretrial detention. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Howard has waived any argument that the district court abused its discretion by admitting defendants' testimony at trial because Howard did not object to the testimony before the district court. *See Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1066 (9th Cir. 1996) ("By failing to object to evidence at trial and request a ruling on such an objection, a party waives the right to raise admissibility issues on appeal."). We also reject as without merit Howard's contentions on appeal regarding the admissibility of testimony at trial.

To the extent that Howard challenges the sufficiency of the evidence supporting the jury's verdict, Howard waived such a challenge by failing to move for judgment as a matter of law or a new trial before the district court. *See Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089-90 (9th Cir. 2007) (to preserve a sufficiency-of-the-evidence challenge, a party must file both a pre-verdict motion under Fed. R. Civ. P. 50(a) and a post-verdict motion for judgment as a matter of law or new trial under Rule 50(b)).

Howard is not entitled to reversal of the district court's judgment on the basis of his claims of ineffective assistance of counsel. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) ("Generally, a plaintiff in a civil case has no

right to effective assistance of counsel.").

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Howard's motion to amend his opening brief (Docket Entry No. 34) is denied.

**AFFIRMED.**