NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL RAY FUQUA, AKA Michael
Fuqua,

          Plaintiff - Appellant,

  v.

CHARLES L. RYAN, Director of ADC
Central Office; CAMIT, Correctional
Officer II at Special Management Unit #1;
FRANCISCO, CO III at SMU #1; STERNS,
Sgt. at SMU #1; CLARK, Kitchen Manager
at Trinity Food Services; DANCE,
Disciplinary Coordinator Sgt. at SMU #1;
SCHITTER, Disciplinary Captain at SMU
#1; PEKCO, CO II Kitchen Security at SMU
#1; JAMES O'NEIL, SMU #1 Eyman
Complex Deputy Warden; JEFF RODE,
SMU #1 Eyman Complex Associate Deputy
Warden; JENNIFER HERNANDEZ, COIV
at SMU #1 Eyman Complex; CARSON
MCWILLIAMS, ADOC Divisional
Director; UNKNOWN PARTIES, ADOC
Correctional Officers employed at ADOC -
in their official and individual capacities,
Central Office COIII, Central Office COIV,
Central Office Deputy Warden, CO II
Kitchen Security at SMU #1,

          Defendants - Appellees.

No. 20-17162

D.C. No. 2:15-cv-00286-NVW

MEMORANDUM*

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted December 7, 2023
San Francisco, California

Before:  COLLINS, FORREST, and SUNG, Circuit Judges.

Plaintiff-Appellant Michael Ray Fuqua, an inmate in the Arizona state prison system, appeals from the final judgment entered against him in this action alleging violations of his rights under the First Amendment's Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") in connection with the denial of his request to be excused from work at the prison kitchen on a religious holiday.  Fuqua challenges the district court's grant of summary judgment in favor of three prison officials (Defendants-Appellees Rebecca Francisco, Anthony Camit, and Robert Starns) on all claims; the grant of partial summary judgment in favor of Defendant-Appellee Robert Clark, an employee of the private company that provided meals at the prison, on Fuqua's RLUIPA claim; and the jury verdict rendered in favor of Clark at a trial on Fuqua's First Amendment claim.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

1.  The district court properly granted summary judgment to all four Defendants on Fuqua's RLUIPA claim.  In a published opinion issued today in the related case of *Fuqua v. Raak*, No. 21-15492, we have held that *Wood v. Yordy*,

753 F.3d 899 (9th Cir. 2014), forecloses suits seeking monetary damages under RLUIPA against individual prison officials. In light of that decision, the district court correctly applied *Wood* in rejecting Fuqua's monetary claims under RLUIPA against Francisco, Camit, Starns, and Clark. Fuqua's opening brief provides no persuasive basis for concluding that the district court erred in finding that his requests for equitable relief under RLUIPA against these four Defendants were moot.

2. The district court correctly granted summary judgment to Francisco, Camit, and Starns on Fuqua's First Amendment claim.

a. To establish a *prima facie* case on a Free Exercise violation arising from prison regulations, a prison inmate must "demonstrate[] that the challenged regulation impinges on his sincerely held religious exercise." *Jones v. Slade*, 23 F.4th 1124, 1144 (9th Cir. 2022). If that showing is made, then "the burden shifts to the government to show that the regulation is 'reasonably related to legitimate penological interests'" under the factors set forth in *Turner v. Safley*, 482 U.S. 78, 89–91 (1987). *Jones*, 23 F.4th at 1144 (citation omitted). As applicable here, the *Turner* test requires a court to consider "(1) whether there is a valid, rational connection between a state interest and the prison regulation; (2) whether prisoners have an alternative method of engaging in religious practice; (3) the impact accommodation of the asserted constitutional right would have on guards and other

3

inmates; and (4) the absence of ready alternatives to the challenged regulation."
*Walker v. Beard*, 789 F.3d 1125, 1138–39 (9th Cir. 2015) (citing *Turner*, 482 U.S. at 89–90).

b. The district court properly granted summary judgment to Francisco and Camit on the ground that there was no evidence that they were personally involved in the challenged actions that allegedly burdened Fuqua's Free Exercise rights. On appeal, Fuqua argues that they could be held liable on this record under a failure-to-intervene theory, but that is wrong. "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (simplified)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Id*. Fuqua failed to present sufficient evidence to create a triable issue that Francisco or Camit had the legal authority to grant Fuqua's requested accommodation, much less that they were "legally required" to intervene to assist him in pursuing that accommodation.

c. With respect to Starns, the district court correctly granted summary judgment on the ground of qualified immunity.

4

Government officials are entitled to qualified immunity "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018) (citation omitted). "A right is clearly established when it is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021) (citation omitted).

When Fuqua asked Starns for the day off two days before the relevant religious holiday, Starns complained that the kitchen "cannot operate that way" and that Fuqua was required to submit such requests to the Senior Chaplain. The district court concluded that there was a triable issue as to whether Starns had violated Fuqua's Free Exercise rights under the *Turner* factors, but it held that Starns was entitled to qualified immunity because "a reasonable official in Defendant Starns' position would not have understood that his implementation of [prison] policy under these circumstances was unlawful."

In arguing for a contrary conclusion, Fuqua relies on *Mayweathers v. Newland*, 258 F.3d 930 (9th Cir. 2001), but that case is "materially distinguishable" in a way that precludes it from clearly establishing the applicable law here. *Rivas-Villegas*, 595 U.S. at 5–6. *Mayweathers* involved prison officials' appeal of a preliminary injunction in favor of a class of Muslim inmates who

5

sought to avoid discipline "for missing work to attend hour-long Friday Sabbath services called Jumu'ah." 258 F.3d at 933. There is, however, no discussion in the opinion concerning the lawfulness of prison *procedures* for bringing such religious scheduling conflicts to the attention of prison authorities in the first place. *Mayweathers* thus did not clearly establish that Starns violated Fuqua's Free Exercise rights when Starns told Fuqua that any such request would have to go through the prison chaplain. Moreover, there is authority upholding, in certain circumstances, prison procedural requirements for presenting religious accommodation requests. *See Resnick v. Adams*, 348 F.3d 763, 769–71 (9th Cir. 2003) (holding that a prison did not violate the Free Exercise Clause by requiring a prisoner, who asked for a kosher diet, to fill out the standard form that the prison used to evaluate such requests before the prison would consider any such request). The district court correctly concluded that the applicable law was not clearly established and that Starns was entitled to qualified immunity.

3. Fuqua has failed to present any persuasive grounds to set aside the jury's verdict in favor of Clark on Fuqua's Free Exercise claim.

Fuqua asserts the district court abused its discretion by "preventing [him] from reading the relevant verses from his Bible" that required him not to work on the religious holiday in question. The district court did not abuse its discretion in holding that, while Fuqua could explain the sincerity of his religious beliefs by

6

reference to relevant scriptural passages, he did not need to have a physical Bible with him on the stand or to read the relevant passages verbatim. District courts have discretion to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . make those procedures effective for determining the truth . . . [and] avoid wasting time." FED. R. EVID. 611(a). The district court's modest limitations here fell well within its discretion to avoid wasting time and to avoid what it thought was a potential for unfair prejudice in having Fuqua testify directly from a physical Bible on the stand. But even if the district court did abuse its discretion, there is no basis in the record for concluding that this evidentiary limitation was more likely than not prejudicial. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008).

To the extent that Fuqua challenges the jury verdict for Clark based on an asserted lack of substantial evidence, any such appellate challenge is barred by his failure to file a post-verdict motion for judgment as a matter of law in the district court. *See Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1088 (9th Cir. 2007).

To the extent that Fuqua contends that Clark should have been held liable under a failure-to-intervene theory, Fuqua failed to preserve any such issue through an appropriate jury instruction, and he has not shown plain error on that score. *See* FED. R. CIV. P. 51(d).

4. Fuqua's remaining claims are waived by his failure to raise them on his

7

first appeal.  *See Fuqua v. Ryan*, 890 F.3d 838 (9th Cir. 2018).

**AFFIRMED.**