**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

SEP 26 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTOPHER C. MUELLER,

Plaintiff - Appellant,

v.

ROBERT CLORE, Attorney, Institution Counselor - D.R.C.I. - Madras, OR; Mr. BOYER, Correctional Services Mgr. - D.R.C.I. - Madras, OR; RICHARD ACKLEY, Acting Superintendent - D.R.C.I. - Madras, OR; MARK NOOTH, Institution Administrator - O.D.O.C. - Salem, OR,

Defendants - Appellees.

No. 24-4964

D.C. No. 3:22-cv-01315-MK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted September 17, 2025[**]

Before:    SILVERMAN, OWENS, and BRESS, Circuit Judges.

Former Oregon state prisoner Christopher C. Mueller appeals pro se from

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging Eighth and Fourteenth Amendment claims arising from restrictions on contacting his minor daughters during his incarceration. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Mueller failed to raise a genuine dispute of material fact as to whether he was not provided with the process he was due, whether defendants' actions were clearly arbitrary and unreasonable, and whether defendants subjected him to a sufficiently serious deprivation that denied him the minimal civilized measure of life's necessities. *See Johnson v. Ryan*, 55 F.4th 1167, 1179-80 (9th Cir. 2022) (elements of a procedural due process claim); *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (elements of a substantive due process claim), *overruled in part on other grounds as recognized by Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086 (9th Cir. 2007); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (elements of a claim for cruel and unusual punishment).

The district court properly denied as moot Mueller's motion to supplement his complaint because the action had already been dismissed. *See Rocky Mountain*

2                                                                    24-4964

*Farmers Union v. Corey*, 913 F.3d 940, 949 (9th Cir. 2019) (standard of review).

**AFFIRMED.**