NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAIME LEDESMA ZEPEDA,

Plaintiff - Appellant,

v.

T. PETERSON, Senior Correctional/Legal
Officer; et al.,

Defendants - Appellees.

No. 13-17519

D.C. No. 1:12-cv-01085-LJO-JLT

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted December 9, 2014[**]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

California state prisoner Jaime Ledesma Zepeda appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

federal claims.   We have jurisdiction under 28 U.S.C. § 1291.   We review de

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   See Fed. R. App. P. 34(a)(2).

novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Zepeda's claims arising before July 1, 2008 as time-barred. *See* Cal. Civ. Proc. Code §§ 335.1, 352.1(a) (setting forth California's two-year statute of limitations for personal injury claims and additional statutory tolling due to incarceration not to exceed two years); *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th Cir. 2007) (forum state's personal injury statute of limitations and tolling laws apply to § 1983 actions; federal law determines when a civil rights claim accrues, which is when the plaintiff knows or has reason to know of the injury which is the basis of the action). We reject Zepeda's arguments concerning accrual, the continuing violation doctrine, and the alleged denial of a fair opportunity to litigate these claims.

The district court properly dismissed Zepeda's access-to-courts claim against defendant Peterson based on her conduct in 2009 and 2010 because Zepeda failed to allege facts sufficient to show actual injury. *See Silva v. Di Vittorio*, 658

F.3d 1090, 1102-04 (9th Cir. 2011) (requiring factual allegations showing actual injury in order to state a First Amendment access-to-courts claim).

To the extent that Zepeda alleged a due process claim related to his disciplinary hearing and monetary sanction for the destruction of library materials, the district court properly dismissed the claim as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on this claim would necessarily demonstrate the invalidity of his disciplinary conviction for the destruction of state property in excess of $400 and resulting loss of time credits. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (inmate's § 1983 action is barred, regardless of the type of relief sought, if success in that action would necessarily demonstrate the invalidity of confinement or its duration); *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (claim for monetary and declaratory relief challenging the validity of procedures used to deprive a prisoner of good-time credits is not cognizable under § 1983).

The district court properly dismissed Zepeda's due process claims based on the placement of a hold on his inmate trust account and access to his financial information, his civil RICO claim, and his retaliation claim because Zepeda failed to allege facts sufficient to state cognizable claims for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally

13-17519

construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also* 18 U.S.C. § 1961(6) (defining "unlawful debt" as a debt incurred in connection with business of lending money or a thing of value at a usurious rate); *Wilkie v. Robbins*, 551 U.S. 537, 565-67 (2007) (no extortion where government employee obtains property for exclusive benefit of government; for RICO purposes, predicate act must fit traditional definition of extortion); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (no due process claim against a state employee for an unauthorized intentional or negligent deprivation of property where state law provides an adequate post-deprivation remedy); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of retaliation in the prison context); *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (elements of a substantive due process claim), *overruled in part on other grounds as recognized by Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086 (9th Cir. 2007).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

13-17519