**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAIRI NUNAG TANEDO, on behalf of themselves and other similarly situated individuals; et al., | No. 13-56750 |
| Plaintiffs - Appellees, | D.C. No. 8:10-cv-01172-JAK-MLG |
| v. | |
| CHARLOTTE D. PLACIDE, | MEMORANDUM[*] |
| Defendant, | |
| And | |
| UNIVERSAL PLACEMENT INTERNATIONAL, INC. And LOURDES LULU NAVARRO, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted November 4, 2015
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: W. FLETCHER and GOULD, Circuit Judges and CHRISTENSEN,[**] Chief District Judge.

Universal Placement International, Inc. ("UPI") and its principal Lourdes "Lulu" Navarro appeal the district court's amended judgment following a jury verdict on claims brought against them by a class of 347 Filipino teachers ("the teachers") recruited to teach in Louisiana public schools. We affirm.

1. The district court had federal question subject matter jurisdiction over the teachers' federal law claims for violations of the Trafficking Victims Protection Act (TVPA), 18 U.S.C. § 1581, *et seq.* *See* 18 U.S.C. § 1595(a); 28 U.S.C. § 1331. It had supplemental jurisdiction over the teachers' state law claims for violations of the California Employment Agency, Employment Counseling, and Job Listing Services Act (CEAA), Cal. Civ. Code § 1812.500, *et seq.*; the California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200; and state common law causes of action. *See* 28 U.S.C. § 1367. The U.S. Department of Labor's authority to enforce laws regarding fees and wage rates for workers brought to the United States on H-1B visas does not divest the district court of jurisdiction. The H-1B statute and regulations do not preempt the teachers' federal or state law claims. *See* 8 U.S.C. § 1182(n)(2)(I).

---

[**]     The Honorable Dana L. Christensen, Chief District Judge for the U.S. District Court for the District of Montana, sitting by designation.

2. UPI and Navarro's challenge to class certification of the TVPA claim is moot. The jury returned a verdict for UPI and Navarro on the TVPA claim. There is thus nothing for them to challenge. It cannot be said that evidence admitted to prove the TVPA claim "unfairly prejudiced" the jury.

Similarly, the challenge to class certification of the negligent misrepresentation claim is also moot. The recovery provided to the class on the negligent misrepresentation claim was entirely subsumed within its recovery under the CEAA claim. If this court were to invalidate the award for negligent misrepresentation, UPI and Navarro would still owe the class the same amount: $4,481,505 plus attorney's fees. There is no "effective relief" to be granted to UPI and Navarro. *See Village of Gambell v. Babbitt*, 999 F.2d 403, 406 (9th Cir. 1993); *Loyola Fed. Sav. Bank v. Fickling*, 58 F.3d 603, 608 (11th Cir. 1995) ("Since the outcome of [certain] claims would in no way affect the amount of Fickling's recovery, other than to indicate whether there were alternate grounds for recovery, these issues . . . are dismissed as moot.").

3. UPI and Navarro's arguments regarding the sufficiency of the evidence are foreclosed by their failure to make a Rule 50(a) motion at the close of evidence. *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007); *see* Fed. R. Civ. P. 50.

3

In any event, the jury's damages award is supported by substantial evidence. The jury found that UPI and Navarro violated the CEAA with respect to several processing and placement fees paid by the teachers. The aggregate award to the class roughly approximates the amount of these fees paid by the average teacher, multiplied by the number of members in the class. The amount of the aggregate award is clearly "within the range sustainable by the proof." *L.A. Mem'l Coliseum Comm'n v. NFL*, 791 F.2d 1356, 1366 (9th Cir. 1986).

4. The damages award does not provide class members double recovery. The district court has required that each class claimant, before receiving any recovery in this case, submit an affidavit attesting that he or she has not received and will not pursue payment arising from other judgments or disbursements in related actions. Under the district court's amended judgment, any payment received by a class member as compensation for the fees recoverable in this action will partially satisfy the judgment. The district court's amended judgment therefore prevents any double recovery.

5. The district court's award of attorney's fees was not an abuse of discretion. The teachers were entitled to an award of attorney's fees under the CEAA. Cal. Civ. Code § 1812.523(d). The district judge evaluated several affidavits and other evidence regarding hourly rates for similar work, and

4

determined a reasonable hourly rate for each attorney and paralegal on the teachers' counsel team. The court properly determined that the CEAA claims and other claims in this action shared interrelated factual and legal issues and the time the teachers' counsel spent on issues and evidence relevant to multiple claims could constitute compensable hours. *See Atkins v. Enterprise Rent-A-Car Co.*, 79 Cal. App. 4th 1127, 1133–34 (2000); *McCown v. City of Fontana*, 565 F.3d 1097, 1103 (9th Cir. 2008). The court nevertheless applied a 40% across-the-board reduction to the lodestar to account for time spent by the teachers' counsel on the unsuccessful TVPA claim and other inefficiencies. The district judge's determination that the teachers' counsel were entitled to $1,310,559.75 is reasonable and we decline to disturb it.

**AFFIRMED.**