NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YUJIN ROBOT CO., LTD., a South Korean corporation, <br><br>          Plaintiff-Appellant, <br><br>    v. <br><br> SYNET ELECTRONICS, INC., a California corporation; et al., <br><br>          Defendants-Appellees. | No.    16-55773 <br><br> D.C. No. <br> 2:14-cv-06237-SJO-AS <br><br><br> MEMORANDUM[*] |
| YUJIN ROBOT CO., LTD., a South Korean corporation, <br><br>          Plaintiff-Appellee, <br><br>    v. <br><br> DOES, 1 through 20, inclusive, <br><br>          Defendant, <br><br>  and <br><br> SYNET ELECTRONICS, INC., a California corporation, <br><br>          Defendant-Appellant. | No.    16-55781 <br><br> D.C. No. <br> 2:14-cv-06237-SJO-AS |

---

        [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted February 12, 2018
Pasadena, California

Before: BERZON and BYBEE, Circuit Judges, and WOODCOCK,** District Judge.

Yujin, a South Korean electronics manufacturer, appeals the denial of a motion for a new trial and a judgment in favor of Synet, its former U.S. distributor, in the amount of roughly $2.01 million for breach of an oral exclusive distributorship agreement.

**1.** Our review is substantially constrained because Yujin did not raise a challenge to the sufficiency of the evidence in a Rule 50(a) motion before the jury verdict and so has forfeited any such challenge. *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089-90 (9th Cir. 2007); *Desrosiers v. Fight Int'l of Fla. Inc.*, 156 F.3d 952, 956-57 (9th Cir. 1998). We therefore address only the district court's Rule 59 ruling, denying the motion for a new trial, and "accord great deference to Rule 59 rulings from the district court." *Desrosiers*, 156 F.3d at 957. We may reverse the denial of a motion for new trial "only if the record contains no evidence

---

** The Honorable John A. Woodcock, Jr., United States District Judge for the District of Maine, sitting by designation.

2

in support of the verdict" or "where the District Court has 'made a mistake of law.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007).

Despite these high standards of review, we reverse and remand for a new trial on damages, because we conclude that the district court committed two mistakes of law in denying the motion for a new trial: (1) the damage award does not meet California standards of proof for lost profits in a fledgling business and (2) the district judge's post-verdict alteration of the damages was not done in accordance with applicable precedent.

**2.** Yujin and Synet entered into an oral contract in which Synet became Yujin's exclusive distributor of vacuum robots that Yujin was introducing to the American market. Synet's contract with Yujin lasted only six to ten months before Yujin cancelled it. California law on lost profits for a fledgling business therefore applies to Synet's lost profit claims.

**3.** Under California law, "[t]he damages recoverable in any case must be susceptible of ascertainment with a reasonable degree of certainty, or, as the rule is sometimes stated, must be certain both in their nature and in respect of the cause from which they proceed." *Automatic Poultry Feeder Co. v. Wedel*, 213 Cal. App. 2d 509, 516 (1963). It is a "fundamental rule that damages which are speculative, remote, imaginary, contingent, or merely possible cannot serve as a legal basis for recovery." *Frustuck v. City of Fairfax*, 212 Cal. App. 2d 345, 367–68 (1963); *see*

3

*also Food Safety Net Servs. v. Eco Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118, 1132 (2012).

"Lost profits may be recoverable . . . where the evidence makes reasonably certain their occurrence and extent." *Sargon Enter., Inc. v. Univ. of S. Cal.*, 55 Cal. 4th 747, 773–74 (2012).

> Where the operation of an established business is prevented or interrupted, as by a breach of contract, damages . . . are generally recoverable for the reason that their occurrence and extent may be ascertained with reasonable certainty from the past volume of business and other provable data relevant to the probable future sales . . . . In some instances, lost profits may be recovered where plaintiff introduces evidence of the profits lost by similar businesses operating under similar conditions . . . . On the other hand, where the operation of an unestablished business is prevented or interrupted, damages for prospective profits that might otherwise have been made from its operation are not recoverable for the reason that their occurrence is uncertain, contingent and speculative.

*Id.* "The plaintiff has the burden to produce the best evidence available in the circumstances to attempt to establish a claim for loss of profits." *S. C. Anderson, Inc. v. Bank of Am.*, 24 Cal. App. 4th 529, 535 (1994); *Warner Constr. Corp. v. City of Los Angeles*, 2 Cal. 3d 285, 302 (1970).

The district court did not mention or apply the correct California standard for proving future lost profits by an unestablished business. Instead, the district court ruled that on the evidence presented, viewed most favorably to the plaintiff — not the proper inquiry under Rule 59 — there was a "possibility" — not the correct substantive standard under California law — that it would have resold the

4

number of units that would support the damages award. Applying the correct substantive standard instead of the incorrect one applied by the district court, the damages award could not possibly be sustained.

The vast majority of the $2.01 million verdict was comprised of future lost profits damages unsupported by any of the kind of evidence required under California law. Standing alone, the testimony of Synet's president, Mr. Rhim, while competent evidence for certain categories in Synet's damages request, was not the best evidence of lost profits, and so could not support Synet's burden to establish future profit losses to a reasonable certainty. *See id.* ("In sum, although plaintiff undoubtedly sustained damage . . . the amount of damage is entirely uncertain, and we cannot believe that plaintiff has brought forth the best evidence of which the case is capable."). Two examples illustrate the evidentiary deficiencies.

Roughly $813,000 of Synet's damages request was for unfulfilled or cancelled purchase orders from retailers and wholesalers after Yujin's new American distributor, Yujin USA, began reaching out to them directly. Despite displaying a stack of papers to the jury that purportedly represented purchase orders from Amazon.com, Synet actually introduced into evidence a single invoice and purchase order for roughly $18,000 from one of four retailers. Synet produced no other documentary evidence of any purchase order cancellations. In these

5

circumstances, Mr. Rhim's uncorroborated testimony of lost purchase orders was not the "best evidence" of the future loss. *S. C. Anderson*, 24 Cal. App. 4th at 535.

The largest portion of Synet's damages request was about $1.05 million based on expected profit losses from sales it asserted would have occurred in 2015, the second year of the two-year oral contract. Mr. Rhim testified that the company would have met its sales goal of 35,000 units, so Synet multiplied that number by a profit margin and subtracted a percentage for overhead. But Synet introduced no evidence to support its assumptions about overhead rates. Particularly in light of the fact that Synet actually sold less than 2,000 units and Yujin USA later sold fewer than 6,000 units after it took over direct distribution, Mr. Rhim's unsupported testimony that Synet would meet its sales targets and sell 35,000 units falls short of what California law requires for new business ventures claiming lost profit. In addition, Mr. Rhim admitted that Synet's claim for unfulfilled purchase orders, discussed in the previous paragraph, included orders it received from Amazon from June 2014 through January 2016. Those purported Amazon purchase orders from 2015 were thus double-counted damages.

There may be additional defects with some of the remaining subcategories of Synet's roughly $2.94 million damages request.[1] But this Court need not address

---

[1] In addition, roughly $765,000 of Synet's damages request was for five years of lost profits from Synet's consulting business with the South Korean

6

those details, because subtracting roughly $2.63 million in unsupported lost profits leaves at most about $310,000 in remaining requested damages. Even assuming all of the remaining amounts were proper, the $2.01 million award was without doubt excessive under the correct legal standards for determining future lost profits damages for an unestablished business under California law.

**4.** After the jury issued its verdict, the district judge, stating that the jury's $0 damage award to Yujin was not supported by the evidence, increased Yujin's damages award to about $323,000. The discretion of the trial judge "includes overturning verdicts for excessiveness and ordering a new trial without qualification, or conditioned on the verdict winner's refusal to agree to a reduction (remittitur)." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 433 (1996). However, it violates the Seventh Amendment for the district court to grant an additur. *Id.* (citing *Dimick v. Schiedt*, 293 U.S. 474, 486–487 (1935)).

Viewed differently, the district court's modification of Yujin's damages award could be viewed as having reduced Synet's $2.01 million award, a remittitur, not an additur. If so, it was not a proper remittitur, because the district

---

government. Synet's claim was unsupported by any corroborating evidence, and the causal connection between Yujin's contract breach and the government of South Korea is not evident in the record. Although the jury may well have rejected this part of Synet's claim, we cannot be certain, because the math does not subtract out precisely.

7

court did not offer Synet the choice between the modified verdict and a new trial on damages.

Synet's damages request included an offset for the money it owed Yujin. As evidenced by the jury's answer to a special interrogatory, the jury squarely addressed Yujin's damages based on the same evidence the district court considered, and awarded $0, precisely what Synet repeatedly asked it to do at trial. Increasing Yujin's damages in this situation violates *Dimick*. *See also Fenner v. Dependable Trucking Co.*, 716 F.2d 598, 603 (9th Cir. 1983) ("Once the trial court finds a verdict excessive, the court cannot allow it to stand. The trial court abused its discretion in entering a judgment reflecting damages it had determined were excessive.").

The district court necessarily concluded that the $0 award to Yujin was against the weight of the evidence. The appropriate remedy in that circumstance would have been to order a new trial on the cross-claim, not an additur. The failure to order a new trial constituted an abuse of discretion for that additional reason.

Accordingly, the district court is **REVERSED AND REMANDED FOR A NEW TRIAL ON DAMAGES.**


*Yujin Robot Co., Ltd. v. Synet Electronics, Inc.*, Nos. 16-55773, 16-55781

BYBEE, Circuit Judge, concurring in part and dissenting in part:

As I agree that the district court erred in increasing the jury's award of $0 in damages for Yujin, I join that portion of the memorandum disposition and concur in the judgment. I see no error, however, in the district court's denial of Yujin's Rule 50(b) and 59 motions.

As the majority acknowledges, Yujin's failure to challenge the sufficiency of the evidence in a Rule 50(a) motion prior to the jury's verdict precludes our review of whether there was a legally sufficient evidentiary basis for the jury's verdict. Mem. Disp. at 2–3; *see Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089–90 (9th Cir. 2007) (citing *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006)); *Desrosiers v. Flight Int'l of Fla. Inc.*, 156 F.3d 952, 956–57 (9th Cir. 1998). For the same reason, the district court properly denied Yujin's Rule 50(b) motion. Yet the majority goes on to address exactly that question we cannot review, analyzing de novo whether Synet presented sufficient evidence of lost profits under California law. Mem. Disp. at 3–7.

Rule 59 does not enumerate the grounds on which the district court may order a new trial, but "[w]e have held that '[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice.'" *Molski v. M.J.*

*Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000)). "Ultimately, the district court can grant a new trial under Rule 59 on any ground necessary to prevent a miscarriage of justice." *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd.*, 762 F.3d 829, 842 (9th Cir. 2014). We have never held that the district court's discretionary determination of whether a jury's verdict was against the clear weight of the evidence or a miscarriage of justice requires an analysis of whether the evidence presented was sufficient under the substantive law. Imposing such a requirement here enables Yujin—which plainly waived its challenge to the sufficiency of the evidence—to nevertheless overturn on appeal the jury's verdict because "[t]he vast majority of the $2.01 million verdict was [presumably] comprised of future lost profits damages unsupported by any of the kind of evidence required under California law." Mem. Disp. at 5.

Moreover, while a district court is allowed broad discretion to order a new trial, our review is far more constrained. "Because determining 'the clear weight of the evidence' is a fact-specific endeavor," *Molski*, 481 F.3d at 729, one that requires the district court to weigh for itself the evidence it has heard during trial, "the court's denial of a Rule 59 motion is virtually unassailable," *Desrosiers*, 156 F.3d at 957. Synet presented evidence in support of its damages claim, including

2

the amount requested for lost profits, and the district court reviewed that evidence in determining that the jury's award of an amount of approximately two-thirds Synet's request was not against the clear weight of the evidence. Based on its own analysis of the trial evidence, the majority concludes that Synet failed to meet its "burden to produce the best evidence available in the circumstances to attempt to establish a claim for loss of profits," Mem. Disp. at 4 (quoting *S. C. Anderson, Inc. v. Bank of Am.*, 30 Cal. Rptr. 2d 286, 290 (Cal. Ct. App. 1994)), and therefore holds that the district court abused its discretion in denying a motion for a new trial because there was no evidence supporting the portion of the jury's verdict presumably based upon Synet's lost profits evidence. Under our "absolute absence of evidence" standard, *Molski*, 481 F.3d at 729–30, I cannot agree that the district court abused its discretion.

Finally, the majority suggests that the district court applied the wrong standard to the Rule 59 motion by viewing the evidence in the light most favorable to Synet. Mem. Disp. at 4. Although an error of law would support reversing the denial of a new trial as an abuse of discretion, there is no indication the district court erred here. The district court correctly noted that it was not required to view the trial evidence in the light most favorable to the verdict in deciding the Rule 59 motion, but instead could weigh the trial evidence and assess the credibility of the

3

witnesses. And it did so, reviewing the evidence, discussing the credibility of the witnesses, and concluding that "although the Court itself may have arrived at a different verdict, the Court cannot say that the jury's award, in light of the evidence and testimony presented and the argument of the attorneys, amounted to a 'miscarriage of justice.'" The majority's confusion appears to arise from the court's denial of Yujin's alternative request for remittitur; in determining that the damages award was not excessive (and therefore that remittitur was not warranted), the district court properly viewed the damages evidence in the light most favorable to the jury's award. *Fenner v. Dependable Trucking Co.*, 716 F.2d 598, 603 (9th Cir. 1983).

In my view, the district court applied the correct legal standard in analyzing Yujin's motion for a new trial. It properly weighed the evidence and assessed the credibility of the witnesses, and concluded that the jury's verdict was not against the clear weight of the evidence or a miscarriage of justice. I do not agree that it was required to analyze the legal sufficiency of the evidence under California law in conducting that inquiry, and therefore I cannot agree that the district court abused its discretion in denying the motion for a new trial on this basis.

I respectfully dissent as to this issue.