NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 4 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHELDON LAWRENCE SOULE, | No.    16-36042 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01221-TSZ |
| v. | MEMORANDUM* |
| CITY OF EDMONDS; CITY OF EDMONDS POLICE DEPARTMENT; THE TASTE OF EDMONDS; OFFICER DAVE MACHADO, #1015; OFFICER JASON ROBINSON, #2715; OFFICER KEN PLOEGER, #1106; OFFICER JOSH MCCLURE, #1879; OFFICER JUSTIN LEE, #2269; OFFICER RYAN SPEER, #2610; OFFICER MIKE RICHARDSON, #1104; CHIEF OF POLICE AL COMPAAN; THE TASTE OF EDMONDS BEER GARDEN OPERATORS; BRIAN J. BAKER; JOHN AND JANE DOE, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted August 30, 2018**

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:   D.W. NELSON, TROTT, and SILVERMAN, Circuit Judges.

Sheldon Soule appeals pro se from the district court's judgment in favor of the defendants after a jury trial in his 42 U.S.C. § 1983 action alleging constitutional and state law tort claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Soule waived his challenge to the sufficiency of the evidence supporting the jury's verdict by failing to move for judgment as a matter of law or a new trial before the district court. *See Nitco Holding Corp. v. Boujkian*, 491 F.3d 1086, 1088-90 (9th Cir. 2007) (holding that to preserve a sufficiency-of-the-evidence challenge, a party must file both a pre-verdict motion under Federal Rule of Civil Procedure 50(a) and a post-verdict motion for judgment as a matter of law or new trial under Rule 50(b)).

The district court did not abuse its discretion in admitting evidence regarding Soule's legal experience and post-arrest conduct or in excluding evidence relating to defendants' employment or litigation history. *See* Fed. R. Evid. 401-03; *see also Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004) (reviewing for abuse of discretion a district court's evidentiary rulings).

Soule has waived his argument that defendants' malicious prosecution counterclaim was not ripe. *See Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th

Cir. 2004) ("In general, we do not consider an issue raised for the first time on appeal."). Contrary to Soule's contention, the district court did not err in sending the malicious prosecution claim to the jury despite having denied defendants' motion for summary judgment and motion for directed verdict on that claim. *Cf. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ("Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.").

Soule's arguments relating to the effect of defendant Baker's default and admissions on the officer defendants are without merit.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**