NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 31 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCO YAMMINE,<br><br>        Plaintiff-ctr-defendant - Appellant,<br><br>  v.<br><br>TOOLBOX FOR HR SPOLKA Z OGRANICZONA ODPOWIEDZIALNOSCIA SPOLKA KOMANDYTOWA,<br><br>        Defendant-ctr-claimant - Appellee. | No. 24-1390<br><br>D.C. No.<br>2:21-cv-00093-MTL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted March 27, 2025[**]
Phoenix, Arizona

Before: GRABER and BENNETT, Circuit Judges, and LEFKOW, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

Plaintiff-Appellant Marco Yammine appeals the jury verdict and judgment in favor of Defendant-Appellee Toolbox For HR Spolka Z Ograniczona Odpowiedzialnoscia Spolka Komandytowa (Toolbox). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Yammine's challenge to the jury's damages verdict is forfeited. *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006), establishes that "a post-verdict motion under [Federal] Rule [of Civil Procedure] 50(b) is an absolute prerequisite to any appeal based on insufficiency of the evidence." *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007) (citing *Unitherm*, 546 U.S. 394). Following the jury's verdict, Yammine made no post-verdict challenges to the jury's award of $500,000. Thus, his argument is barred.

2. Yammine's evidentiary ruling challenges are not forfeited by his failure to make a Rule 50(b) motion, because his evidentiary claims are not predicated on insufficiency of the evidence. Yammine simply contends that the district court erred in its evidentiary rulings. And Yammine preserved those arguments for appellate review through his trial objections.

3. Toolbox claims Yammine did not sufficiently object to the introduction of Exhibit 164 at trial. Initially, Exhibit 164 consisted of both an expert report and attached business records. At the beginning of the trial, following Yammine's objection to the admission of Exhibit 164 in its entirety on the basis of untimely

24-1390

disclosure, the district court excluded the expert report portion of the exhibit but denied Yammine's motion to exclude the attached business records. When Toolbox sought to admit Exhibit 164 later during trial, Yammine stated he had "[n]o objection" to the admission of Exhibit 164. Toolbox now argues that this later failure to object waived Yammine's objection to Exhibit 164. We disagree.

"Once the court rules definitively on the record, either before or at trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." *United States v. McElmurry*, 776 F.3d 1061, 1066 (9th Cir. 2015) (quoting Fed. R. Evid. 103(b)). Yammine's original objection to the admission of Exhibit 164 was thus sufficient to preserve his challenge.

4. We review the district court's evidentiary rulings for abuse of discretion. *United States v. Stinson,* 647 F.3d 1196, 1210 (9th Cir. 2011). "We do not reverse the district court's decisions under an abuse of discretion standard unless we are 'convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances.'" *Boyd v. City & County of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009) (quoting *Harman v. Apfel,* 211 F.3d 1172, 1175 (9th Cir. 2000)).

As Yammine conceded at trial, the challenged records were disclosed to his counsel more than a year before trial. The only "lateness" involved the records being labeled as a trial exhibit after the deadline. And the district court gave Yammine

"the opportunity to identify anything out there that you feel like you would have identified if you had known" about Toolbox's intention to use Exhibit 164 at trial. Yammine identified nothing. On appeal, he says he "could have countered [Exhibit 164] with a witness from Toolbox" he does not identify. The district court therefore did not abuse its discretion in admitting the business records portion of Exhibit 164.

5. Yammine argues that Exhibit 113, an independent contractor agreement between the parties that predated Yammine's formal employment with Toolbox in December 2018, should have been excluded under Federal Rules of Evidence 401 and 403. Yammine objected to the admission of Exhibit 113.

FRE 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. This is a "low bar." *Sandoval v. County of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021). Establishing the existence of a professional relationship between Yammine and Toolbox before December 2018 was necessary for discussing the full history of Yammine and Toolbox. Exhibit 113 provided evidence of that relationship and the contours of the relationship. The district court therefore did not abuse its discretion in rejecting the FRE 401 relevance challenge.

Under FRE 403, the "court *may* exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the

issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added). Yammine's fiduciary duties to Toolbox, the issue at trial, were not governed by the independent contractor agreement. But given the parties' need to discuss the history of Yammine and Toolbox's professional relationship before December 2018, the probative value of Exhibit 113 was high.

And the risk of unfair prejudice, confusing the issues, or misleading the jury was low. The independent contractor agreement provides that Yammine's business entity "shall perform . . . [s]ervices in a loyal and professional manner." That agreement does not impose a greater fiduciary duty on Yammine than the formal employment agreement. The district court did not abuse its discretion in concluding that the probative value of Exhibit 113 was not "substantially" outweighed by any danger of prejudice and in rejecting Yammine's FRE 403 challenge.

6. We deny Toolbox's motion to dismiss the appeal and for attorneys' fees and costs. Dkt. 25. Toolbox requests dismissal claiming the appeal is frivolous. *Id.* at 2–4. "An appeal is considered frivolous in this circuit when the result is obvious or the appellant's arguments are wholly without merit." *Glanzman v. Uniroyal, Inc.*, 892 F.2d 58, 61 (9th Cir. 1989) (quoting *McConnell v. Critchlow,* 661 F.2d 116, 118 (9th Cir. 1981)). We find the issues on appeal substantial enough that we reject Toolbox's claim that the appeal was frivolous. That determination also disposes of

one of Toolbox's bases for seeking fees and costs—Federal Rule of Appellate Procedure 38. Dkt. 25 at 5–6.

Toolbox also argues that it is entitled to fees and costs because Arizona law provides for the recovery of attorneys' fees in cases arising from contracts. *See* Dkt. 25 at 6–9; Ariz. Rev. Stat. § 12-341.01. But as the district court correctly determined, Toolbox's theory regarding Yammine's alleged breach of fiduciary duty sounded not in contract law (or in the terms of any contracts between Yammine and Toolbox), but in tort. Toolbox is therefore not entitled to attorneys' fees under Arizona state law.

**AFFIRMED.** The parties shall bear their own costs on appeal.